ERNEST BROWN v. THE STATE.

No. 3627. Decided June 16, 1915.

Rehearing denied June 25, 1915.

1.—Burglary—Suspended Sentence—Defendant as a Witness—Cross-examination.

Where defendant filed a plea asking that the sentence be suspended, and went on the stand as a witness and testified that he had never before been convicted of a felony and no other questions were asked him by his counsel, there was no error to permit the State on cross-examination to ask him as to the mode and manner, etc., of committing the offense for which he was being tried.

2.—Same—Cross-examination—Defendant as a Witness—Rule Stated.

Where the defendant once voluntarily takes the witness stand, it is not only about matters he testified to on direct examination that he can be cross-examined, but he can be questioned about any matter legitimately connected with the matter under inquiry, and the cross-examination is not confined to

matters elicited on his examination in chief. Following Brown v. State, 38 Texas Crim. Rep., 597, and other cases.

### 3.—Same—Suspended Sentence—Cross-examination.

Where defendant filed his written plea asking that the sentence be suspended, the State had the right on his cross-examination as a witness to inquire into the mode and manner of committing the offense for which he was being tried as an aid to the jury in determining whether they would recommend a suspension of sentence, although this might be the first offense he committed.

### 4.—Same—Sufficiency of the Evidence.

Where upon trial of burglary the evidence was sufficient to sustain the conviction, there was no reversible error.

### 5.—Same—Verdict—Words and Phrases.

Upon trial of burglary the criticism that the verdict was insufficient in that the word "confinement" is omitted, is without merit, and there is no reversible error on that ground.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of burgl ¬ ɞ penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Will S. Payne,* for appellant.—On question of verdict: In failing to state place of confinement: Wyvias v. State, 64 Texas Crim. Rep., 236; Franklin v. State, 63 Texas Crim. Rep., 438.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of cross-examination: 52 S. W. Rep., 69; Brown v. State, 38 Texas Crim. Rep., 597; Grooms v. State, 40 id., 319; Alexander v. State, 40 id., 395.

HARPER, JUDGE.—Upon an indictment charging him with burglary appellant entered a plea of guilty, filing a plea asking that the sentence be suspended. The record shows that the court admonished the defendant as to the consequences of his plea, etc., and he insisted on entering the plea. The State introduced evidence tending to show that the barn of J. H. Couch had been burglarized and some thirty bushels of wheat taken therefrom. At the conclusion of the evidence offered in behalf of the State appellant took the stand and testified he had never before been convicted of a felony in this or any other State. No other questions were asked him by his counsel, but the State cross-examined him as to the mode, manner, etc., of committing this offense. The only bill of exceptions in the record complains that the court erred in permitting the State to cross-examine appellant and inquire about the burglary, for he says he took the stand only to testify that he had never theretofore been convicted of a felony. A defendant can not be compelled to testify in any case, but when he once voluntarily takes the stand, it is not only about matters he testified to on

direct examination that he can be cross-examined, but he can be questioned about any matter legitimately connected with the matter under inquiry. He becomes as any other witness in the case; the cross-examination is not confined to matters elicited on his examination in chief. Brown v. State, 38 Texas Crim. Rep., 597, and cases cited in sec. 970 of White's Ann. Proc. But independent of this, this testimony would be admissible on his plea of suspension of the sentence. The State would have the right to inquire into the mode and manner of committing the offense as an aid to the jury in determining whether or not they would suspend the sentence. It might be the first offense, yet committed in such a way as to show him unworthy of the mercy shown in suspending the sentence for the first offense.

Appellant also contends that the evidence is insufficient to show burglary. It is true that appellant testified the door of the barn was open, but Mr. Couch testified the door was always kept locked; the lock showed to have been broken, and appellant when found was in possession of tools with which the lock could have been broken. The chain was clipped, and appellant was in possession of wire clippers. If that had been an issue in the case the evidence would fully authorize a finding that he had broken the door open, although he testified that it was open. However, appellant entered a plea of guilty, and made no such contest on the trial.

The verdict reads: "We the jury find the defendant, Ernest Brown, guilty of burglary as charged in the indictment, and assess his punishment at two years in the penitentiary." The criticism that the verdict is insufficient in that the word "confinement" is omitted is without merit.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 25, 1915.—Reporter.]