## Bunion Cundiff v. The State.

### No. 6005.   Decided December 16, 1920.

**1.—Assault to Murder—Suspended Sentence—Bill of Exceptions—General Reputation.**

Where, upon trial of assault with intent to murder, a bill of exceptions was taken to the refusal of the court to permit the defendant to show by his own testimony that his reputation for truth and veracity and that of a peaceable and law-abiding man was good, but in the absence of a statement of facts this court does not know what facts were proved by other witnesses, or what issues arose ·in the case; besides, there was no proof that the defendant had not previously been convicted of a felony, and the excluded testimony would have been of no importance.

**2.—Same—Evidence—Suspended Sentence—Honorable Discharge—Punishment.**

Where, upon trial of assault with intent to commit murder, the defendant's punishment was assessed at ten years imprisonment in the penitentiary, his plea for suspended sentence could not operate, and the exclusion, therefore, of testimony that he had been in the war and honorably discharged

would have been of no avail; besides, the lack of proof that he had not been previously convicted of felony made his plea of suspended sentence unavailable, and in the absence of a statement of facts, the conviction must be sustained.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of assault with intent to murder: penalty, imprisonment in the penitentiary for ten years.

The opinion states the case.

*J. F. Hair,* for appellant.—On question of general reputation: Poyner v. State, 48 S. W. Rep., 516; House v. State, 57 id., 825.

On question of defendant's competency to testify in his own behalf: Curry v. State, 94 S. W. Rep., 1058; Knowles v. State, 72 id., 398.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant is under conviction for the offense of an assault with the intent to murder, and punishment fixed at confinement in the penitentiary for ten years.

The record is not accompanied by statement of facts. A bill of exceptions was taken to the refusal of the court to permit the appellant to prove by the appellant's own testimony that his reputation for truth and veracity was good, also to the refusal of the court to permit him to give like testimony with reference to his general reputation for honesty and fair dealing, and with reference to being a peaceable, law-abiding man. Assuming that the appellant was a competent witness upon this subject—and we know of no authority to the contrary—we are without data by which to determine whether the ruling of the court was harmful to the appellant. We do not know what facts were proved by other witnesses, nor what issues arose in the case. It does not appear from anything before us that the appellant gave any testimony in his own behalf, which would have rendered proof that his reputation for truth and veracity was good important on the merits of the case; and the same is true with reference to his reputation as a peaceable, law-abiding man, and a man whose reputation for honesty and fair dealing was good. For aught that is disclosed by the record, these matters might have been proved by other witnesses, or admitted by the prosecution. It is insisted, however, that upon the issue of suspended sentence this testimony may have been important. If this be conceded, we are without facts upon which to weigh its effect in deciding that issue. An essential element in the suspended sentence statute is that which requires that there be proof that the accused has not previously been convicted of a felony. Nothing before us discloses that this proof was made, and in its absence the excluded testimony would have been of no importance.

Upon the same issue, the appellant sought to introduce in evidence papers showing his service in the war with Germany, and his honorable

discharge. These papers were signed by the United States officers under whose command he served, and such certificates, we think, in a proper case, would be admissible upon the issue of suspended sentence. What has been said with reference to the lack of proof that he had not been previously convicted of a felony, touching other bills discussed, has application to this. Moreover, with reference to the whole matter of suspended sentence, the verdict assessed a penalty above the term that would permit the suspended sentence law to operate, it being provided therein that it is without application where the verdict is for a term exceeding five years. C. C. P., Art. 865C.

In the absence of a statement of facts, we are bound to assume that the verdict is supported by sufficient and competent evidence to justify its rendition, and the bills of exceptions disclosing no errors shown to have been material, we have no choice other than to affirm the judgment, and such is the order.

*Affirmed.*