## CUNDIFF v. STATE. (No. 6005.)

(Court of Criminal Appeals of Texas. Dec. 16, 1920.)

1. **Criminal law** ☞1097(4)—**Exclusion of evidence not shown to be erroneous in absence of statement of facts.**

In the absence of a statement of facts, a bill of exceptions taken to the refusal of the court to permit accused to prove by his own testimony that his reputation for truth and veracity was good or permit him to give like testimony with reference to general reputation for honesty and fair dealing and with reference to being a peaceable and law-abiding man did not show error, even upon the issue of suspended sentence.

2. **Criminal law** ☞982—**That accused has not previously been convicted of felony essential element of suspended statute.**

An essential element in the suspended sentence statute is that which requires that there be proof that the accused has not previously been convicted of a felony.

3. **Criminal law** ☞982—**Honorable army discharge admissible on issue of suspended sentence.**

An honorable discharge from service in the war with Germany signed by United States officers under whose command accused served is admissible in a proper case upon the issue of suspended sentence.

4. **Criminal law** ☞1177—**Exclusion of evidence on issue of suspended sentence not prejudicial where verdict assessed more than five years.**

Refusal of court to permit evidence on the issue of suspended sentence could not have harmed an accused, where the verdict assessed imprisonment exceeding five years, a penalty above the term that would permit the suspended sentence law to operate, under Vernon's Ann. Code Cr. Proc. 1916, art. 865C.

5. **Criminal law** ☞1144(13)—**Verdict assumed supported by sufficient evidence in absence of statement of facts.**

In the absence of a statement of facts in a criminal case, the appellate court is bound to assume that the verdict is supported by sufficient and competent evidence to justify its rendition.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Bunion Cundiff was convicted of assault with intent to murder, and appeals. Affirmed.

J. F. Hair, of San Antonio, for appellant. Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. The appellant is under conviction for the offense of an assault with the intent to murder, and punishment fixed at confinement in the penitentiary for 10 years.

[1, 2] The record is not accompanied by statement of facts. A bill of exceptions was taken to the refusal of the court to permit the appellant to prove by the appellant's own testimony that his reputation for truth and veracity was good; also to the refusal of the court to permit him to give like testimony with reference to his general reputation for honesty and fair dealing, and with reference to being a peaceable, law-abiding man. Assuming that the appellant was a competent witness upon this subject—and we know of no authority to the contrary—we are without data by which to determine whether the ruling of the court was harmful to the appellant. We do not know what facts were proved by other witnesses nor what issues arose in the case. It does not appear from anything before us that the appellant gave any testimony in his own behalf which would have rendered proof that his reputation for truth and veracity was good, important on the merits of the case; and the same is true with reference to his reputation as a peaceable, law-abiding man, and a man whose reputation for honesty and fair dealing was good. For aught that is disclosed by the record, these matters might have been proved by other witnesses, or admitted by the prosecution. It is insisted, however, that upon the issue of suspended sentence this testimony may have been important. If this be conceded, we are without facts upon which to weigh its effect in deciding that issue. An essential element in the suspended sentence statute is that which requires that there be proof that the accused has not previously been convicted of a felony. Nothing before us discloses that this proof was made, and in its absence the excluded testimony would have been of no importance.

---

[3, 4] Upon the same issue the appellant sought to introduce in evidence papers showing his service in the war with Germany and his honorable discharge. These papers were signed by the United States officers under whose command he served, and such certificates, we think, in a proper case, would be admissible upon the issue of suspended sentence. What has been said with reference to the lack of proof that he had not been previously convicted of a felony, touching other bills discussed, has application to this. Moreover, with reference to the whole matter of suspended sentence, the verdict assessed a penalty above the term that would permit the suspended sentence law to operate; it being provided therein that it is without application where the verdict is for a term exceeding five years. C. C. P. art. 865C.

[5] In the absence of a statement of facts, we are bound to assume that the verdict is supported by sufficient and competent evidence to justify its rendition, and, the bills of exceptions disclosing no errors shown to have been material, we have no choice other than to affirm the judgment, and such is the order.