## FRANK REYNOSA PEREZ V. STATE

No. 32,998. February 22, 1961

*Thomas K. Bamford* and *Robert C. Benavides*, Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Phil Burleson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin for the state.

McDONALD, Judge

Statutory rape is the offense; the punishment, twenty-five years in the penitentiary.

The undisputed testimony is as follows:

Appellant, who was the godfather of the complaining witness' sister, went to the witness' home after midnight on the occasion in question and asked to see a girl who was staying there. The complaining witness was thirteen years old at the time of the trial but only twelve years of age at the time of the commission of the offense. She was told that her boy friend, Nick, was out in the car, too drunk to come in but that he was calling her. Accompanying appellant out to the car, she found Nick was not among the other boys there. Appellant told her to get in the car and they would take her to the place where he was supposed to be, drunk. The prosecutrix got in the car and was driven to a vacant apartment on Applegrove, where Nick supposedly was.

The facts further reveal that in addition to the prosecutrix and the appellant, four other boys—Gerardo Ramirez Cantu, Daniel Ramerez, Florencio Garcia, and Johnny Hernandez—went inside. Nick was not there. The prosecutrix was told to go upstairs, which she did. Not again seeing Nick, she started running downstairs but was pushed back. She stated that the boys "grabbed" her; that "they were all around;" that Daniel Ramerez grabbed and pulled her to "the room," and that the boys started tearing her slacks and panties. These were the same boys, she stated, whom she had previously named as being with her on the steps and preventing her from going back downstairs, and that appellant was present. She later testified that she did not know which boys were there but that there were "around three boys there" holding her hands and legs. The witness then testified that after she had been undressed from the waist down Ramerez first had intercourse with her and then the appellant had intercourse with her, as did, subsequently, the other boys.

The record reveals that the appellant was present during the

entire transaction; that he was with the other boys at the time Ramerez ravished the prosecutrix; and that, as stated, he, in turn, followed Ramerez in the same offense.

By a formal bill of exception, appellant brings forward two contentions. First, he complains of and submits as error the action of the trial court in failing to instruct the jury relative to the application of the suspended sentence law. Appellant had duly filed his application for suspended sentence, with the affidavit in support thereof duly executed.

After the state had adduced all its testimony and had rested its case, the defendant then offered in evidence as his exhibit No. 1 the application for a suspended sentence, which he had filed with the papers of the case. The application, with the affidavit, was admitted by the court "for whatever its worth." Appellant then rested his case. He cites numerous authorities, none of which are in point.

Appellant contends that the offering in evidence of the application for the suspended sentence created a fact issue for the jury and that it made it incumbent upon the trial court to instruct upon and to present to the jury for its determination the issue of a suspended sentence.

We do not agree with this contention.

For all practical purposes, the application for the suspended sentence, with the affidavit, was already in the evidence, without being admitted.

The suspended sentence statute, Art. 776, C.C.P., provides, in part, that in no case shall sentence be suspended except when the proof shall show that the defendant has never before been convicted of a felony in this state or in any other state. This is an essential element in the suspended sentence statute. Cundiff v. State, 88 Tex. Cr. R. 304, 226 S.W. 412.

The proof which appellant relies upon to comply with this provision of the statute is his application for suspended sentence already before the jury as a pleading.

In the application appellant "represents to the Court * * * that he has never before been convicted of a felony during his life, neither in this state nor in any other," followed by his

affidavit in which he states that "the matters and things in the above and foregoing application for suspended sentence or probation are true and correct."

We are cited to no authority holding that the defendant's sworn application for suspended sentence constitutes proof requiring the submission of the issue to the jury.

In Brown v. State, 156 Tex. Cr. Rep. 652, 245 S.W. 2d 497, cited by appellant, the defendant testified at the trial that he had never been convicted of a felony, and was subject to cross-examination.

Here, appellant did not testify, but offered his own application for suspended sentence. He did not make himself available for cross-examination.

It has been the consistent holding of this court that a defendant can not take the witness stand for a limited purpose, and when he testifies he may be cross-examined on the whole case.

In Brown v. State, 77 Tex. Cr. R. 183, 177 S.W. 1161, the defendant pleaded guilty and took the witness stand to testify that he had never been convicted of a felony. This court held that the state could cross-examine him as to the mode and manner of committing the offense.

It would do violence to the intent of the legislature and to the holdings mentioned to hold that the pleading of the defendant would suffice as proof that he had never been convicted of a felony, thereby relieving him of the necessity of testifying as a witness or of offering the evidence of other witnesses who could be cross-examined.

In the same bill of exception, appellant raised another proposition or contention, maintaining that the trial court materially erred in charging the jury upon the law of principals. He first says that there was no evidence to support the charge and that it was a comment upon the weight of the evidence. He further contends that the issue of his guilt was submitted to the jury upon two separate factual theories; that the jury returned a general verdict of guilty; and that there was no way of ascertaining upon which one of the two theories the jury found him guilty.

Appellant's contentions are without merit.

590

The evidence was sufficient to warrant the trial court in authorizing a conviction upon appellant's act of intercourse, or under the law of principals upon his acting with others who had intercourse with her under the same force and threats. See Longoria v. State, 159 Tex. Cr. R. 529, 265 S.W. 2d 826.

We find the evidence sufficient to support the jury's verdict. We further think that the evidence is abundantly sufficient to support either theory of the state as to appellant's guilt, whether it be as a principal with his companions or as an individual offender.

Appellant's contentions are overruled, and the judgment is affirmed.