**Gus E. SHELTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38635.**

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Rehearing Denied Jan. 26, 1966.

William D. Bonham, Houston (On Appeal), Donald L. Martin, Houston (On Appeal), S. John Odom, Houston (On Appeal), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Allen Stilley and Jimmy James, Asst. Dist. Attys., Houston; and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, fifty years.

This cause was reversed for improper jury argument on a former appeal. Shelton v. State, Tex.Cr.App., 367 S.W.2d 867.

It is undisputed that about 12:55 A.M. on April 21, 1962, the deceased was shot through the heart with a .22 rifle which was at the time in the hands of the appellant, and that said shot was the cause of her death. The appellant and deceased each had a lawful spouse from whom they were not divorced, but were separated; and the deceased had lived with the appellant since January, 1961, until her death, April 21, 1962.

The state's witness Simmons, who lived next door to the appellant and deceased, testified that about 1 A.M., the appellant knocked on his door and stated that he had killed his "wife (referring to the deceased)," and asked him to call the police. The evidence reflects that the appellant was intoxicated.

The appellant testified that on removing a .22 rifle from a closet, he turned to pick up a scabbard to put it in and, "It just went off," and shot the deceased who was sitting on a couch; and that he ran next door and asked his neighbor to call the police, and said, "Something bad happened at my house."

Complaint is made of the admission of alleged statements of the appellant which were in the nature of a confession, but they did not comply with the provision of Art. 727a, Vernon's Ann.C.C.P.

The complaint is directed to the question asked the appellant by the state: "Q. Mr. Shelton, isn't it a fact that you told the police officers that night at the police station that you knew this was no accident and you had just lost your temper?," and appellant replied, "No, sir, I didn't." Previously, and without objection, the appellant had testified on cross-examination that, "I told up there at the police station it was an accident."

When the accused takes the stand as a witness he is subject to the same rules as any other witness; and the state is not confined in its cross-examination to matters elicited in chief. Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781.

It is insisted that the state reversibly erred during its cross-examination of appellant's witness Garrison.

The appellant filed an application for a suspended sentence and the issue of its suspension was submitted to the jury. He called three witnesses, one of whom was Garrison, who testified on direct examination only that they knew appellant and the period of time they had worked with him which was from six to fourteen years. On cross-examination the state asked Garrison if he knew the general reputation of appellant as being peaceful and law-abiding, and if he had heard what his reputation was among the people with whom he worked, and asked for a "yes" or "no" answer. Garrison answered "yes," but further stated that appellant's reputation among those with whom he worked was good.

The state then asked Garrison if he had heard that appellant was convicted of aggravated assault on a woman in November of 1964, and he answered "no." No objection was made to this question. While testifying, the appellant admitted that he had paid a fine in November 1964, after a conviction for aggravated assault on a woman. Next, Garrison was asked if he had heard that appellant was accused of maiming, which was not answered. Appellant's attorney stated: "I object to that and move that it be stricken." The "objection" was sustained and the jury instructed to disregard the question. Next the state asked Garrison if he had heard that the appellant was put under a peace bond, and no answer was given. The appellant's attorney said, "objection" and moved for a mistrial which was overruled.

The appellant, by filing his application for a suspended sentence authorized the state to cross-examine his witnesses who had attested to his good reputation by asking if they had heard of acts of the accused inconsistent with that reputation. Clark

v. State, 160 Tex.Cr.R. 32, 267 S.W.2d 147; Duhart v. State, 167 Tex.Cr.R. 150, 319 S. W.2d 109.

Under the record as presented and the applicable rule of evidence to reputation witnesses when a suspended sentence is sought, no error is presented.

Appellant contends that the trial court erred in admitting the testimony of Officer Chapman concerning the relative position of the appellant and the deceased because he was not qualified to so testify.

Officer Chapman testified that he had had twenty years of experience as an officer in the Homicide Division of the Houston Police Department, and had investigated numerous cases of homicide, and had many times been able to determine the paths of bullets and types of weapons used.

To support his contention the appellant relies upon his objection to the following testimony of Officer Chapman:

"Q (By Mr. James) Will you draw a line indicating where the evidence indicated to you the track of the bullet?

"A (By witness) Yes, sir. (Witness draws on the blackboard)

(The blackboard is not before us and there is no showing as to what it revealed.)

"Q How did it get to the baseboard there from approximately where it was fired?

"A From this angle, within any of these three angles.

Mr. Haynie: We object to that testimony of it being fired from that angle. This witness wasn't present.

* * * * * *

The Court: He can deduct from the physical facts he found.

Mr. Haynie: He can't testify to anything but a conclusion.

The Court: That's all an expert can testify to, his conclusion and opinion. I overrule your objection.

Mr. Haynie: Note our exception, please.

"Q (By Mr. James) Did you find anything else out there that you took into evidence?

"A (By witness) No, sir, that's all I remember taking."

■ The testimony complained of was not as to the position of the parties at the time of the shooting as the appellant contends, though together with other evidence it may have been relevant in determining such fact. It does not bear thereon to the extent as to call for a reversal.

■ Error is urged in the overruling of appellant's objection and motion for mistrial to the jury argument of the state that "the defendant decided you (deceased) no longer have a right to live and I'll see to it right now," over his objection that it was not supported by the evidence and was unsworn testimony. This argument was a reasonable deduction from the evidence and presents no error.

The other contentions presented have been considered and they do not reflect error.

■ The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.