**Cecil J. BRUMFIELD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41808.**

Court of Criminal Appeals of Texas.

March 19, 1969.

Rehearing Denied Oct. 22, 1969.

Charles W. Tessmer (on appeal only), Donald R. Scoggins (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., Michael Blend, Harold Entz, Kerry P. FitzGerald, Malcolm Dade and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is driving while intoxicated; the punishment 60 days in jail, and a fine of $50.00.

We are confronted at the outset with the constitutional right of an accused not to be required to give evidence against himself.

At the hearing on guilt or innocence appellant testified as to his innocence of the offense here charged and nothing else.

After the jury had found him guilty, a hearing was had before the same jury on the question of punishment, as provided by Art. 37.07, of the Vernon's Ann.Code of Criminal Procedure. At this time the State called appellant to the stand and he was required, over objection, to give evidence against himself as to two prior convictions for the offense of the same nature. Such offenses were not admissible as impeachment when he testified on the merits because they were not felonies nor did they involve moral turpitude.

In Stratman v. State, Tex.Cr. App., 436 S.W.2d 144, we held that it was not error for the State to examine a defendant in regard to his prior convictions by calling him at the punishment phase of his trial when he had testified at the guilt or innocence phase of his trial. But Stratman is not applicable to the instant case for the following reasons: In Stratman, trial was before the court, not before a jury as in this case. Stratman testified during the guilt or innocence phase of his trial that he had previously been convicted of felonies, whereas here appellant did not testify as to his prior convictions at the guilt or innocence phase of his trial. And Stratman's prior convictions were admissible for impeachment and were alleged in the indictment for enhancement, while here appellant's convictions were neither admissible for impeachment nor were they alleged in the information for enhancement. It

should be noted that we are not here discussing any admission an accused may make as to prior convictions as a part of his plea to the court.

We reiterate that the question here is that the appellant was called to the witness stand by counsel for the State, over his protest, and then required to give evidence against himself which bore on the punishment to be assessed against him by the jury.

The Supreme Court of the United States has recognized that an accused might not constitutionally be deprived of the right to be heard on one phase of his case for fear of being called upon to incriminate himself at a later hearing. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247, and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, clearly illustrate their view.

For the error pointed out, the judgment is reversed and the cause remanded.

WOODLEY, P. J., and ONION, J., concur in the result.

DOUGLAS, J., not participating.

## ON STATE'S MOTION FOR REHEARING

ONION, Judge.

At appellant's trial for driving a motor vehicle while intoxicated he voluntarily took the stand on the issue of guilt. After the jury verdict he was recalled by the State, over objection, for further cross-examination at the penalty stage of the trial before the same jury. On original submission we determined that such action constituted reversible error.

The State vigorously urges reconsideration of the result reached on original submission. In view of the vast importance of this decision to all cases tried under the bifurcated trial system provided by Article 37.07, V.A.C.C.P., we shall do so.

This is apparently a case of first impression in this state.[1] In view of our somewhat unique procedure, the decisions from those jurisdictions where a limited two stage jury trial on the English-Connecticut style exists in any form have not been of great aid. As the United States Supreme Court noted in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, "[t]wo part trials are rare in our jurisprudence; * * *"

The question we must decide is the following:

May an accused, who has voluntarily taken the witness stand at the guilt stage of a bifurcated trial, be recalled for further cross-examination by the State, over objection, at the hearing on punishment in order to establish and prove his "prior criminal record?"

The Fifth Amendment, United States Constitution, provides that an accused in a criminal prosecution shall not be compelled to give evidence against himself. Such amendment has now become applicable to the states. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653; Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed. 2d 678; Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.

The Texas Constitution, Article I, Sec. 10, contains a similar provision. See also Article 1.05, V.A.C.C.P.

■ And it has been said that this federal constitutional right must not be interpreted "in a hostile or niggardly spirit," Ullmann v. United States, 350 U.S. 422, 76 S.Ct. 497, 518, 100 L.Ed. 511, and should be given a liberal application and construction, Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574; Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118; Counselman v. Hitchcock, 142 U.S. 547, 562, 12 S.Ct. 195, 35 L.Ed. 1110, 1113; De Luna v. United States, 308 F.2d 140, 149,

---

1. See, however, Stratman v. State, Tex.Cr.App., 436 S.W.2d 144.

1 A.L.R.3d 969 (5th Cir.), for the privilege against self-incrimination is as broad as the mischief against which it seeks to guard. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974.

The proposition that a criminal defendant cannot be compelled to take the stand and give evidence against himself is so well understood that it requires no citation of authority to support it.

 No adverse inference can be drawn from a defendant's failure to testify and comment on that failure is forbidden. Griffin v. California, supra; Article 38.08, V.A. C.C.P.

 And it has been held that self-incrimination is not lost until the proceedings against the accused under indictment have been terminated, 58 Am.Jur.2d, Witnesses, Sec. 43, p. 48, and that the privilege ceases only when liability to punishment no longer exists. Texas Law of Evidence, McCormick and Ray, 2nd ed., Sec. 444, p. 383.

 This constitutional right may, of course, be waived if done knowingly, voluntarily and intelligently.

And it is well established that when an accused voluntarily takes the stand he waives his privilege against self-incrimination.

Under our former system of a unitary trial it was said that "[w]hen defendant takes the stand as a witness he is subject to the same rules as any other witness. He may be contradicted, impeached, discredited, attacked, sustained, bolstered up, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of defendant, except where some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case, his failure to testify on a former trial or hearing, and the like." 1 Branch's Ann. P.C., 2nd. ed., Sec. 168, p. 170, and cases there cited. See also Shelton v. State, Tex.

Cr.App., 397 S.W.2d 850; Texas Law of Evidence, McCormick and Ray, 2nd ed., Sec. 443, p. 381; 62 Tex.Jur.2d, Witnesses, Sec. 205, p. 130; 98 C.J.S. Witnesses § 369, p. 121, Sec. 370, p. 123. Thus, when an accused voluntarily took the stand he subjected himself to any legitimate cross-examination within the rules of evidence, any relevant inquiries about the charge against him.

And it was consistently held for many years that an accused may not take the witness stand for a limited purpose. Perez v. State, 170 Tex.Cr.R. 586, 343 S.W.2d 256; Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781; Tyler v. State, 163 Tex.Cr.R. 441, 293 S.W.2d 775; Holder v. State, 140 Tex.Cr.R. 55, 143 S.W.2d 613; Gonzales v. State, 160 Tex.Cr.R. 548, 272 S.W.2d 524; Rubens v. State, 166 Tex.Cr.R. 71, 311 S. W.2d 242; 62 Tex.Jur.2d, Witnesses, Sec. 210, p. 140.

In Holder v. State, supra, the defendant sought to take the stand for the limited purpose of proving up his application for a suspended sentence (See former Articles 776–781, V.A.C.C.P., 1925) but was cross examined about the crime charged and a judicial confession obtained. Such cross-examination was held proper. See also Brown v. State, 77 Tex.Cr.R. 183, 177 S.W. 1161.

In Tyler v. State, supra, the court properly refused to permit the defendant to testify for the limited purpose of showing who had possession of and resided in the apartment where the defendant was found by police in possession of heroin.

In Robinson v. State, supra, the defendant was offered for the limited purpose of testifying as to guilt or innocence of the primary offense charged. There it was held proper for the State at the one stage proceedings then in use to prove by him on cross-examination the prior convictions alleged in the indictment for enhancement.

In Gonzales v. State, supra, and Rubens v. State, supra, it was established that an

accused may not be permitted to take the stand for the single and limited purpose of testifying that the confession was not a voluntary one.

It was also well established in cases tried under the former Code that when the defendant takes the stand he is on for all purposes and may be cross examined as to the whole case. Perez v. State, supra. And that the State was not confined in its cross-examination to matters elicited on the direct examination of the defendant. Shelton v. State, supra; Robinson v. State, supra.

Further, after testifying in his own behalf the defendant was permitted to be recalled by the State for further cross-examination. Mendez v. State, 29 Tex.App. 608, 16 S.W. 766; Hamilton v. State, Tex.Cr. App., 60 S.W. 39; Flowers v. State, 68 Tex.Cr.R. 547, 152 S.W. 925; Barnett v. State, 76 Tex.Cr.R. 555, 176 S.W. 580; Bradley v. State, 102 Tex.Cr.R. 41, 277 S.W. 147; Lafferty v. State, Tex.Cr.App., 35 S.W. 374; 62 Tex.Jur.2d, Witnesses, Sec. 220, p. 153; Spadachene v. State, 137 Tex.Cr.R. 26, 127 S.W.2d 466; Brown v. State, 136 Tex.Cr.R. 567, 127 S.W.2d 295. See also Johnson v. United States, 5 Cir., 207 F.2d 314, cert. den. 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087.

In Petty v. State, 94 Tex.Cr.R. 211, 250 S.W. 163, it was held that the court did not err in permitting the State to reopen the case after both sides had closed their testimony and to recall the defendant for further cross-examination under Article 643 (now Article 36.02, V.A.C.C.P.) authorizing the court to permit testimony to be introduced at any time before argument is concluded, if it appears necessary in the due administration of justice.

Despite the fact that when an accused took the stand under the former Code or Codes he was on for all purposes, his "prior criminal record" (as now defined by Article 37.07, V.A.C.C.P.) or any part thereof was not generally admissible except under certain well recognized exceptions, i. e., the rule relating to admission of extraneous offenses, etc., nor could he be impeached except under the rules of evidence. See former Article 732a, now Article 38.29, V.A.C.C.P., 1965.[2] His waiver of his privilege against self-incrimination did not include improper cross-examination.

Under the influence of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908,[3] this Court in Lopez v. State, Tex.Cr. App., 384 S.W.2d 345, without distinguish-

2. In Stephens v. State, Tex.Cr.App., 417 S.W.2d 286, 287, this Court said:
"Under the provisions of Article 38.29, V.A.C.C.P., the fact that a witness has been charged with an offense is inadmissible for the purpose of impeaching him unless the charge has resulted in a final conviction. Hunter v. State, 168 Tex. Cr.R. 160, 324 S.W.2d 17; Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267. Furthermore the final conviction must be for a felony offense or one involving moral turpitude; Mauldin v. State, 165 Tex.Cr.R. 405, 308 S.W.2d 36, and even then, it must not be too remote. If, however, the witness makes blanket statements concerning his exemplary conduct, such as has never been charged or convicted of any offense, then the State may refute such testimony, despite the nature of the conviction used or its remoteness. Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 and cases cited therein." See also cases annotated under Article 38.08, V.A.C.C.P.;

Dunlap v. State, Tex.Cr.App., 440 S.W. 2d 672; Black v. State, Tex.Cr.App., 440 S.W.2d 668; Courtney v. State, Tex. Cr.App., 424 S.W.2d 440; 62 Tex.Jur. 2d, Sec. 339, p. 378; 39 Texas Digest, Witnesses, Sec. 345(1), p. 364; 1 Branch's Ann.P.C., 2nd ed., Sec. 189, p. 205.
Note that remoteness will not prevent the introduction of prior convictions as a part of an accused's "prior criminal record" at the hearing on punishment as provided by Article 37.07, supra. Trussell v. State, Tex.Cr.App., 414 S.W.2d 466; Ingram v. State, Tex.Cr.App., 426 S.W.2d 877.

3. Footnote 16 of the opinion in Jackson v. Denno, 378 U.S. at p. 389, 84 S.Ct. at p. 1787, 12 L.Ed.2d at p. 923, reads as follows:
"Further obstacles to a reliable and fair determination of voluntariness under the New York procedure result from the ordinary rules relating to cross-examina-

ing, mentioning or expressly overruling Gonzales and Rubens, supra, did hold that an accused might testify for a limited purpose in a hearing conducted in the absence of the jury to determine the voluntariness of the confession. There the Court said:

"Should the defendant testify at such a hearing, the cross-examination of the defendant shall be limited solely to the facts surrounding the voluntariness of the confession, and the defendant shall not be subject to cross-examination except for the limited purpose of facts involving the voluntary nature of his confession, nor shall the defendant be compelled to take the stand upon the trial of the cause upon its merits because of his testimony at this hearing."

In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, the Court ruled that testimony of a defendant in support of a motion to suppress evidence on Fourth Amendment grounds may not thereafter be admitted against him at trial on the issue of guilt. The basis of the Supreme Court's ruling was that otherwise the defendant would be put to the choice of asserting his Fourth Amendment claim or exercising his Fifth Amendment privilege against self-incrimination.

Thus, where the defendant has a right to an evidentiary hearing on a motion to suppress, he may take the stand and limit his waiver of his privilege against self-incrimination to that hearing. See Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305. Cf. Article 28.01, V.A.C.C.P.; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468.

While the above discussed rules undoubtedly still have application to the guilt stage

of our bifurcated trial procedure, we pause here to observe another well established rule.

Generally, by testifying at a preliminary hearing, at an inquest, before a grand jury, or at a previous trial one does not waive his right to claim privilege against self-incrimination at a later trial. 8 Wigmore on Evidence, 3rd ed., Sec. 2276; see also cases collated 36 A.L.R.2d 140–143; 38 A.L.R. 2d 225, 255; Texas Law of Evidence, McCormick and Ray, Sec. 443, p. 382; State v. Rawls, 451 P.2d 127 (Ore.); People v. Walker, 28 Ill.2d 585, 192 N.E.2d 819; United States v. Baker, D.C., 262 F.Supp. 657. Thus it would clearly appear that the waiver (when a defendant takes the stand) does not extend beyond the particular proceeding and by voluntarily testifying before the grand jury or on a preliminary trial he does not lose his privilege in a later proceeding.

With that background we now turn to our present bifurcated trial system which has at least in part replaced our former unitary trial procedure.

One of the innovations wrought by the 1965 Code of Criminal Procedure was the bifurcated trial. See Article 37.07, V.A. C.C.P. As originally enacted, the procedure was designed to be applicable to pleas of not guilty in jury trials in non-capital felonies and "capital cases where the State has made it known that it will not seek the death penalty." Such procedure was entitled "alternate procedure" as though it was to be experimental only, but in light of the provisions of Article 36.01, Secs. 1 and 8, V.A.C.C.P., it became *the* procedure in all applicable cases.

---

tion and impeachment. Although not the case here, an accused may well be deterred from testifying on the voluntariness issue when the jury is present because of his vulnerability to impeachment by proof of prior convictions and broad cross-examination, both of whose prejudicial effects are familiar. The fear of such impeachment and extensive cross-examination in the presence of the jury

that is to pass on guilt or innocence as well as voluntariness may induce a defendant to remain silent, although he is perhaps the only source of testimony on the facts underlying the claim of coercion. Where this occurs the determination of voluntariness is made upon less than all of the relevant evidence. Cf. United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48."

The procedure involved splitting the trial on the issues of guilt and punishment and provided that at the penalty stage of the proceedings whether the assessor of punishment be the same jury or the judge, either side could offer evidence of the defendant's prior criminal record, his character or reputation. Such procedure was obviously designed to take the blindfolds off the judge or jury when it came to assessing punishment. It authorized the introduction of evidence on punishment not heretofore held to be generally admissible. It did, however, limit such introduction to the penalty stage to prevent the accused from being tried as a criminal generally prior to the determination of the issue of guilt. It thus allowed evidence critical to an enlightened determination of punishment but avoided the possibility of prejudice on the issue of guilt.

Further, it had long been recognized that jury verdicts of the unitary system were often the product of compromise, i. e., a finding of guilty in exchange for moderate punishment, or a finding of not guilty because of the severity of the punishment. Some commentators also believed that a constitutional due process question was involved in the practice of reading the allegations of the indictments as to prior convictions and permitting proof of the same before the determination of guilt or innocence.[4]

In Rojas v. State, Tex.Cr.App., 404 S.W. 2d 30, Article 37.07, supra, was held inapplicable to the trial of capital cases where the State was seeking the death penalty. See also Williams v. State, Tex.Cr.App., 415 S.W.2d 917; Jones v. State, Tex.Cr. App., 416 S.W.2d 412; Wilhelm v. State, Tex.Cr.App., 426 S.W.2d 850; Vessels v. State, Tex.Cr.App., 432 S.W.2d 108.

In order to remedy this and other defects, Article 37.07, supra, was amended in 1967 to provide for bifurcated trials in all criminal cases, other than misdemeanor trials of which Justice or Corporation Courts have jurisdiction, which are tried before a jury on a plea of not guilty.[5] Such

4. See, however, Spencer v. Texas, 385 U. S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, decided after the enactment of the 1965 Code. Some thirty other states have devised recidivist procedures which postponed the introduction of prior convictions until after a finding of guilt by the jury of the instant offense or crime currently charged. See footnote 11 of Chief Justice Warren's dissenting opinion in Spencer v. Texas, supra.

5. Article 37.07, supra, as amended, 1967, reads as follows:
"1. The verdict in every criminal action must be general. When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, they must find that the defendant is either guilty or not guilty, and, except as provided in Section 2, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.
"2. Alternate procedure
"(a) In all criminal cases, other than misdemeanor cases of which the justice court or corporation court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.
"(b) If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in capital cases where the state has made it known in writing prior to trial that it will seek the death penalty, (2) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (3) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.
"3. Evidence of prior criminal record in all criminal cases after a finding of guilty
"(a) Regardless of the plea and whether the punishment be assessed by the judge

amendment removed any remaining question as the applicability of Article 37.07, supra, to misdemeanor trials where the possible punishment could be confinement in jail. Cf. Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931, 937; Bridges v. State, Tex. Cr.App., 422 S.W.2d 449; Attorney General's Opinion C–587 (January 25, 1966).

Therefore, Article 37.07, supra, was properly utilized in the case at bar.

While, as previously noted, a number of states have adopted recidivist procedures which separate the determination of prior convictions alleged for enhancement from the determination of guilt of the instant or primary offense charged, only four other states have adopted a bifurcated trial system splitting the issue of guilt and the issue of punishment into separate proceedings.[6] And in such states such procedures are limited to the trial of capital cases. Only Texas appears to have extended the system to trials of all felonies and all misdemeanors punishable by imprisonment.

Is the procedure thus provided two separate proceedings or two parts of one trial? Section 3(b) of Article 37.07, supra, refers to the penalty hearing as a "trial." Likewise, where a bifurcated trial procedure is now authorized in other states the second proceedings or stage is usually designated or referred to as a "trial." Note, "The Two Trial System in Capital Cases," 39 N.Y.U.L.Rev. 50, 66. See also People v. Purvis, 52 Cal.2d 871, 884, 346 P.2d 22, 29 (1959); Note, "The Bifurcated Trial Procedure and First Degree Murder," 3 Suffolk Univ.L.Rev. 628 (1969); 25 Washington and Lee Law Review 287 (which refers to the separate trials on the issues of guilt and punishment in bifurcated trials). Even the procedures separating the issue of guilt and that of a recidivist status are often referred to as "distinct hearing." Note, "Recidivist Procedures," 40 N.Y.U.L.Rev. 332.

The procedure in this state possesses, however, characteristics of both. The hearing on punishment is subsequent to that of the first stage and takes place only in the event of a conviction at the guilt stage of the proceedings. Where there are prior convictions alleged for enhancement that portion of the indictment is not read until the hearing on punishment, Article 36.01, V.A.C.C.P.; Holcombe v. State, Tex.Cr. App., 424 S.W.2d 635, and in such case the defendant must plead anew preferably "true" or "not true." Davis v. State, Tex. Cr.App., 429 S.W.2d 459; Baker v. State, Tex.Cr.App., 437 S.W.2d 825 (concurring

or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.
"(b) After the introduction of such evidence has been concluded, and if the jury has the responsibility of assessing the punishment, the court shall give such additional written instructions as may be necessary and the order of procedure and the rules governing the conduct of the trial shall be the same as are applicable on the issue of guilt or innocence.
"(c) In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty. In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach.
"(d) When the judge assesses the punishment, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.
"(e) Nothing herein contained shall be construed as affecting the admissibility of extraneous offenses on the question of guilt or innocence."

6. See Cal.Pen.Code, Sec. 190.1 (1957); N.Y.Penal Law, McKinney's Consol.Laws C. 40, Secs. 1045, 1045a (1963); Pa. Stat.Ann. Title 18, Sec. 4701 (1959, amended 1963); Gen.Stat.Conn.Sec. 53–10 (1963); See also Model Penal Code, Sec. 210.6 (Proposed Official Draft, May 4, 1962).

opinion); Trammell v. State, Tex.Cr.App., 445 S.W.2d 190.

In all cases (whether prior convictions are alleged or not) the assessor of punishment is to be the judge unless the case comes within one of three categories set forth in Sec. 2(b) of Article 37.07, supra. The defendant may, however, after a finding of guilty, with the consent of the State, change his election of the one who assesses the punishment. And at such penalty stage he may choose whether or not to take the stand as a witness. If the jury is to be the assessor of punishment, a second charge is necessary. See Article 37.07, Sec. 2(b), supra.

It is true, of course, that where the jury is selected to assess punishment and fails to agree on penalty, a mistrial shall be declared as to the entire case. Article 37.07, Sec. 3(c), supra. Galloway v. State, Tex.Cr. App., 420 S.W.2d 721; [7] Longs v. State, Tex. Cr.App., 429 S.W.2d 157. And if on appeal it is determined that error occurred at the hearing on punishment before a jury, the Court of Criminal Appeals is without authority to direct a new trial before a different jury on the issue of punishment alone. Ellison v. State, Tex.Cr.App., 432 S.W.2d 955; Ex parte Bryan, Tex.Cr.App., 434 S.W.2d 123, and authorities there cited.

If, however, an error occurs at the punishment hearing before the judge the case on appeal may be remanded to the trial court for the proper assessment of punishment by the judge. Johnson v. State, Tex. Cr.App., 436 S.W.2d 906; Baker v. State, Tex.Cr.App., 437 S.W.2d 825. Cf. People v. Taylor, 155 Cal.App.2d 26, 317 P.2d 167.

■ There are other characteristics of the procedure that should be observed, such as the burden of proof. Where prior convictions have been alleged for enhancement purposes then the burden of proof rests upon the State to prove the same beyond a reasonable doubt. If the defendant has filed a motion for probation the burden rests upon him to establish his eligibility therefor. Article 42.12, V.A.C.C.P.; Herring v. State, Tex.Cr.App., 440 S.W.2d 649. Cf. Holland v. State, 79 Tex.Cr.R. 529, 187 S.W. 944; Walker v. State, 108 Tex. Cr.R. 190, 299 S.W. 417; West v. State, 93 Tex.Cr.R. 288, 247 S.W. 534; Waters v. State, 81 Tex.Cr.R. 491, 196 S.W. 536; Calloway v. State, 91 Tex.Cr.R. 504, 240 S.W. 554; Hadnot v. State, 90 Tex.Cr.R. 328, 233 S.W. 1102; 16 Tex.Jur.2d, Criminal Law, Sec. 433, p. 675; 13 Texas Digest, Criminal Law, 982.

Neither party is required to offer evidence at the hearing on punishment. See Morales v. State, Tex.Cr.App., 416 S.W.2d 436 (holding that it is not mandatory that the State offer evidence at the separate hearing on punishment).

Where the State desires to put into evidence the defendant's prior criminal record, general reputation and character to affect the punishment to be assessed, it is not dependent upon the defendant's personal testimony. The State may prove the same by witnesses, establish the same by certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant, Vessels v. State, Tex.Cr.App., 432 S.W.2d 108, or by stipulations, etc. And if the defendant takes the stand at the hearing on punishment he is on for all purposes of such hearing. Santiago v. State, Tex.Cr.App., 444 S.W.2d 758.

Further, where the defendant has taken the stand at the guilt stage of the proceedings and any part of his prior criminal record is properly used for impeachment or is otherwise legally introduced, the same need not be re-introduced at the hearing on punishment. Such evidence may be properly considered by the judge or jury assessing the penalty.

---

7. See Galloway v. Beto, D.C., 296 F.Supp. 230 (now pending in the United States Court of Appeals, Fifth Circuit, Cause No. 27461).

■ Under the circumstances described and the procedure involved, is there a real necessity for the State to insist on the right to recall the accused at the penalty stage of the proceedings in order to prove his prior criminal record? We think not. Certainly it was more convenient for the State, in the case at bar, to recall the appellant and establish prior convictions which had occurred 17 and 18 years before, but such convenience is not real necessity. Further, it should be remembered that if the appellant was properly recalled to prove his "prior criminal record" he was on for all purposes of the punishment hearing and his character, reputation and any other relevant issue could be inquired into. Cf. Allaben v. State, Tex.Cr.App., 418 S.W.2d 517.

If Article 37.07, V.A.C.C.P., can be interpreted as providing two separate proceedings then it follows that a defendant's waiver of his privilege against self-incrimination by taking the stand at the guilt stage is limited to that particular proceeding. See State v. Grady, 153 Conn. 26, 211 A.2d 674. And if this is so the court erred in permitting the State to recall the appellant for further cross-examination at the penalty stage. The mere finding of guilt does not terminate the privilege against self-incrimination. As earlier noted, the privilege ceases only when liability to punishment no longer exists.

We further conclude that if our bifurcated trial system can be interpreted as only two parts of the same proceeding then error is still reflected. The spirit, if not the letter of Jackson v. Denno, supra, would seem to require no less.

We cannot agree that the legislature by providing a bifurcated trial system intended to make the decision of an accused as to taking the witness stand on the issue of guilt a more onerous one than it was under the former Code.

In the case at bar the appellant was recalled for further "cross-examination" on issues which were not before the jury in the proceedings at which he took the stand. His waiver of the self-incrimination privilege did not include improper cross-examination.

We do not interpret Stratman v. State, Tex.Cr.App., 436 S.W.2d 144, as commanding a contrary conclusion.

Stratman involved a plea of not guilty before the court after a waiver of trial by jury. See Articles 1.13 and 1.15 V.A.C.C.P. The indictment there, unlike the information in the case at bar, alleged prior convictions for the purpose of enhancement. Under the 1965 version of Article 37.07, V.A.C.C.P., this Court held in Courtney v. State, Tex.Cr.App., 424 S.W.2d 440, that such statute was not applicable to a plea of not guilty before the court. Stratman was tried after the effective date of the 1967 amendment to Article 37.07, supra.[8] In Stratman this Court stated that the trial court had conducted a bifurcated trial and "there is no statute requiring a separate hearing on punishment in a trial before the court." Apparently the trial court was attempting to comply with Sec. 3(a) of the 1967 version of Article 37.07, supra. While that statute deals primarily with cases tried before a jury on a not guilty plea, Sec. 3 of such statute for some reason suddenly switches and provides for "evidence of prior criminal record in *all* criminal cases after a finding of guilty" and Sec. 3(a) provides that such evidence may be offered "regardless of the plea and whether the punishment be assessed by the judge or jury." We do not, however, interpret

8. Observe that in Rojas v. State, Tex. Cr.App., 404 S.W.2d 30, Judge Woodley noted that Article 1.13, V.A.C.C.P., furnished a procedure whereby the punishment must be assessed by the court without the benefit of evidence such as provided for in Article 37.07, Sec. 2(b), V.A.C.C.P., 1965. Since that time the 1967 amendment to Article 37.07, has become effective.

such statute as necessarily requiring a bifurcated trial in a plea of not guilty before the court where prior convictions are alleged for enhancement. In such case the prior convictions may be proved up before a finding of guilty as to the primary offense. Section 3(a) was most likely intended to eliminate any real difference in the assessment of punishment despite the plea of who the assessor of punishment was.[9]

Thus remaining convinced that the result reached on original submission was correct, the State's motion for rehearing is accordingly overruled.

DOUGLAS, J., not participating.

WOODLEY, Presiding Judge (concurring).

A defendant who testifies as a witness in his own behalf at his jury trial on the issue of guilt may be cross-examined and recalled for further cross-examination like any other witness.

The question before the court in Stratman v. State, Tex.Cr.App., 436 S.W.2d 144, and in the case at bar is whether the right to recall the defendant for further cross-examination extends to the hearing on the proper punishment to be assessed.

Our holding in Stratman was to the effect that it does where the testimony to be elicited was evidence which was admissible and could have been elicited at the first hearing and was also admissible evidence at the hearing on punishment.

In the case at bar, the defendant was recalled for further cross-examination at the hearing on punishment and testimony was elicited from him which was *not* admissible and could not have been legally elicited from him or any other witness at the hearing on guilt or innocence, though it was admissible evidence at the punishment hearing.

We properly held on original submission that it was error to permit the state to recall the defendant and require him to give such testimony.

For the reasons stated I concur in the overruling of the state's motion for rehearing.

BELCHER, J., joins in this concurrence.

DOUGLAS, J., not participating.

9. While all the judges participating agree on the result reached in the case at bar, there is no majority opinion as to the reasoning therefor.

Judge Morrison and this writer are convinced that under the circumstances the right result was reached in Stratman, but we would to the extent of any conflict with the opinion overrule Stratman. We cannot agree that when an accused has voluntarily taken the stand at the trial on the issue of guilt, and certain convictions are available for the purpose of impeachment only to affect his credibility as a witness in his own behalf on the issue of guilt and such convictions are not utilized by the State for impeachment, that the accused may be recalled by the State at the penalty hearing and interrogated as to such convictions not to affect his credibility as a witness on the issue of guilt which has been foreclosed, but to prove his prior criminal record.

Such result would seemingly flow from the position taken in the concurring opinion that evidence which was admissible for one purpose at the guilt stage of the trial, even though not admitted, would authorize the recall of the accused as a witness if the same evidence was admissible at the hearing on punishment, even though for a different purpose.