# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00572-CR

**Kimberly Chavon Parker, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF DENTON COUNTY, 211TH JUDICIAL DISTRICT
NO. F-2000-1290-C, HONORABLE L. DEE SHIPMAN, JR., JUDGE PRESIDING**

A jury found appellant Kimberly Chavon Parker guilty of aggravated kidnapping and assessed punishment at ninety-nine years= imprisonment. *See* Tex. Pen. Code Ann. ' 20.04 (West Supp. 2002). Appellant contends her rights were violated because she was not given adequate time to prepare for trial after the State disclosed that it intended to call an expert witness. She also contends the court erred by overruling her motion to quash the indictment and by failing to admonish her before she testified at trial. We will overrule these contentions and affirm the judgment of conviction.

Appellant, her boyfriend, and two other men abducted appellant=s estranged husband from his apartment at gunpoint. The men took the victim to East Texas, where they fatally shot him and dumped his body in the Sabine River. Appellant does not challenge the sufficiency of the evidence to sustain the jury=s verdict of guilty.

The indictment alleged that appellant intentionally or knowingly abducted Elihue Parker Awith the intent to facilitate the commission of a felony, to-wit: Murder of Elihue Parker, or to facilitate the flight after the attempt or commission of said felony, or with intent to inflict bodily injury on Elihue Parker, or with intent to terrorize Elihue Parker.@ Appellant moved to quash on the ground that by alleging Anumerous ways to commit the offense,@ the indictment was ambiguous, failed to specify the manner and means by which the offense was allegedly committed, and failed to give her sufficient notice of the charge against her. Appellant argued before the district court, as she does now on appeal, that the indictment did not give her notice adequate to prepare a defense because it disjunctively alleged multiple theories of the offense.

Appellant filed the motion to quash on June 6, a week after the scheduled pretrial hearing had been conducted and less than a week before trial was set to begin. Among the purposes of a pretrial hearing is to determine exceptions to the form or substance of the indictment. Tex. Code Crim. Proc. Ann. art. 28.01, ' 1(4) (West 1989). When a pretrial hearing is set and held in a criminal case, any matter that could have been but was not raised or filed before the hearing will not be allowed to be raised or filed thereafter except by permission of the court for good cause shown. *Id*. art. 28.01, ' 2. When appellant presented her motion to quash to the district court, the court observed that the indictment had been on file for eight months and that a pretrial hearing had already been held, and asked counsel to explain why the motion had not been filed earlier. Counsel replied, AI can=t say that B I don=t know,@ but argued that Ait is timely just before the day of trial.@ After hearing brief argument, the court overruled the motion to quash both for being untimely and on the merits.

A person commits aggravated kidnapping if she intentionally or knowingly abducts another person with the intent to facilitate the commission of a felony or the flight after the attempt or commission of a felony, with the intent to inflict bodily injury on the abducted person, or with the intent to terrorize the abducted person. Tex. Pen. Code Ann. ' 20.04(a)(3), (4), (5) (West Supp. 2002). When an offense may be committed by alternative means, the State may allege those alternatives in the same indictment. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *Rogers v. State*, 774 S.W.2d 247, 251 (Tex. Crim. App. 1989). The district court properly concluded that appellant=s untimely motion did not state meritorious grounds for quashing the indictment. We overrule point of error five.

In three points of error, appellant urges that the district court erred by failing to grant a continuance of at least twenty days after the State disclosed the name of an expert witness it intended to call at trial. She contends the court=s action violated code of criminal procedure article 39.14(b) and denied her due process of law and effective assistance of counsel. *See* Tex. Code Crim. Proc. Ann. art. 39.14(b) (West Supp. 2002).[1]

---

[1] AOn motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in

which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20th day before the date the trial begins.@ Tex. Code Crim. Proc. Ann. art. 39.14(b) (West Supp. 2002).

The record reflects that before the May 31 pretrial hearing, the prosecutor informed defense counsel that an expert was going to compare a sample of appellant=s handwriting with the handwriting in a letter sent to appellant=s boyfriend. During the May 31 hearing, the prosecutor informed defense counsel that the handwriting analysis would be performed by Investigator Dennis Cox. Counsel, who had not previously moved for notice pursuant to article 39.14(b), told the court, AI request that I have that 20-day notice prior to the beginning of this case.@ The court made no ruling but instructed counsel to file a motion for continuance. Counsel subsequently filed a written motion for continuance complaining that the State=s notice that Cox would testify as an expert was not made at least twenty days before the day set for trial. The motion was overruled after a hearing on June 6 and again on June 11, immediately before jury selection began.

Contrary to appellant=s argument, article 39.14(b) does not give a party the right to an automatic twenty-day delay of trial after being notified that the other party intends to call an expert witness. Instead, the statute grants to trial courts the discretion to order the disclosure of the names of expert witnesses on the motion of a party. Appellant did not move for disclosure pursuant to article 39.14(b), and her after-the-fact attempt to invoke the statute was not timely. Under the circumstances, the district court did not abuse its discretion by refusing to apply the statute=s twenty-day notice requirement. We overrule point of error one.

A motion for continuance is addressed to the sound discretion of the trial court. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). To find an abuse of discretion, there must be a showing that the defendant was prejudiced by his counsel=s inadequate preparation time. *Id*. Defense

**5**

counsel acknowledged to the court that he had known about the letter in question for months. In the letter, which was signed by ARight Eye,@ the writer said, AI=m sticking to the original [story]@ that had been given to the police. A reader could infer from the letter that it was written by appellant, and defense counsel could easily have confirmed that fact by asking appellant. On May 31, when the handwriting analysis issue was first brought to its attention, the district court told defense counsel, AI don=t have any problem with you getting an expert in that area to do your own analysis@ and asked counsel to file an appropriate motion. No motion for the appointment of a defense expert was filed, and there is no indication in the record that the defense ever sought to have the letter independently examined. During her own testimony at trial, appellant acknowledged writing the letter. Because the defense never sought the appointment of its own expert, and because appellant=s authorship of the letter was never seriously disputed, we find no abuse of discretion in the court=s denial of the motion for continuance. We overrule points of error two and three.

Finally, appellant contends that her rights under the Fifth Amendment and article I, section 10 of the Texas Constitution were violated because the district court did not admonish her of her privilege against self-incrimination before permitting her to testify at trial. The constitutional privilege protects against compulsory self-incrimination. Appellant was not compelled to testify; she was called by the defense and testified on her own behalf. By voluntarily testifying, appellant waived her privilege against self-incrimination. *Brumfield v. State*, 445 S.W.2d 732, 735 (Tex. Crim. App. 1969) (op. on reh=g). Appellant cites no authority holding that a defendant who is represented by counsel and who voluntarily testifies on her own behalf must be admonished of her rights by the trial court. Finding no constitutional violation, we overrule point of error four.

**6**

The judgment of conviction is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   July 26, 2002

Do Not Publish