NO. 07-01-0177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 12, 2002

_____

ERIC RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242nd DISTRICT COURT OF SWISHER COUNTY;

NO. B3606-0008; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Eric Ramirez was convicted by a jury of burglary of a habitation and the commission of the felony offense of sexual assault, and the jury assessed punishment at 37 ½ years confinement and a $5,000 fine. By two issues, appellant challenges his conviction contending the trial court erred (1) in admitting a portion of his testimony given during a previous revocation proceeding in violation of his right against self-incrimination,

and (2) in failing to include the lesser included offense of sexual assault in the court's charge. Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the legal or factual sufficiency of the evidence. Therefore, only the evidence necessary for the disposition of appellant's issues will be discussed. On the evening of June 24, 2000, appellant burglarized the victim's[1] home. After appellant entered the victim's home and discovered that she was alone, he engaged in sexual intercourse with her. The victim's mother, who was away from the home at that time, did not discover the burglary until the following morning. During the police investigation, appellant parked his vehicle adjacent to the victim's home, which resulted in his identification and apprehension. After he was arrested, appellant made a voluntary written statement admitting that he broke into the home; however, he claimed that sex with the victim was consensual. At the time of arrest, appellant was on probation for a prior offense whereupon the State filed a motion to revoke his probation. Appellant was represented by counsel and testified in his own defense at the probation revocation hearing.

Testimony from the revocation hearing was admitted at trial. After his prior testimony was admitted over the objections of defense counsel, appellant again took the stand in his own defense. The written statements given to police, the testimony from the revocation hearing, and the testimony appellant gave at trial were consistent. Appellant

---

[1]The victim suffers from mental retardation and at the time of trial was 21 years old.

stated that he broke into the home with the intent to steal, but denied any intent to commit sexual assault. He claimed he engaged in consensual sex with the victim, but confirmed a prior awareness of the victim's mental retardation.

By his first issue, appellant contends the trial court erred in admitting a portion of his testimony given during the prior revocation proceeding in violation of his right against self-incrimination, irrespective of his taking the stand during the revocation proceeding. Appellant contends his prior testimony at the revocation hearing was inadmissible at trial for any purpose. We disagree.

A timely and reasonably specific objection is required to preserve error for appellate review. Tex. R. App. P. 33.1(a); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994), *cert. denied*, 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). Where the alleged error relates to the admission of evidence, a timely objection must be made stating the specific ground of objection. Tex. R. Evid. 103(a)(1); Higgins v. State, 924 S.W.2d 739, 745 (Tex.App.–Texarkana 1996, pet. ref'd ). In addition, the objection at trial must comport with the error complained of on appeal. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). Appellant objected to the admission of his testimony at the probation revocation hearing on the grounds that it was hearsay and violated his right against self-incrimination, but his objections were overruled. Here, he contends the trial court erred by admitting the testimony from the probation revocation proceeding as an exception to the hearsay rule

under Rule 801(e)(2)(A) of the Texas Rules of Evidence without considering the implications of admitting such testimony upon his right against self-incrimination contained in the United States and Texas Constitutions. It is uncertain from his argument whether appellant contests admissibility as an exception to the hearsay rule applying a balancing-test weighed against Fifth Amendment implications, or simply presents two separate objections from the trial court by one hybrid issue. In the interest of justice, we will consider each possibility.

Hearsay is defined as an oral or written "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d); Garcia v. State, 868 S.W.2d 337, 339 (Tex.Cr.App. 1993). Rule 802 provides that "hearsay is not admissible except as provided by statute or these rules." However, Rule 801(e)(2)(A) provides that a criminal defendant's own statements, when being offered against him, are not hearsay. TEX. R. EVID. 801(e)(2)(A); Trevino v. State, 991 S.W.2d 849, 853 (Tex.Cr.App. 1999). A party's own statements are not hearsay and they are admissible on the theory that a party is estopped from challenging the fundamental reliability or trustworthiness of his own statements. Trevino, 991 S.W.2d at 853. The rule recognizes that the out-of-court statements of a party differ from the out-of-court statements of non-parties and raise different evidentiary concerns. Id. Here, the statements offered at trial against appellant were taken from his own sworn testimony given at a prior proceeding and were therefore a hearsay exclusion; thus, the trial court did not err in overruling appellant's hearsay objection.

4

However, not all statements of a criminal defendant are admissible. For example, a statement may not be used as evidence against a defendant unless it was voluntarily made and free from coercion. *See* Smith v. State, 547 S.W.2d 6, 8 (Tex.Cr.App. 1977). Also, a statement may be admissible for a limited purpose. *See* Braggs v. State, 951 S.W.2d 877, 883 (Tex.App.--Texarkana 1997, pet. ref'd). A defendant's own statement may be admissible at one phase of a proceeding, but not be admissible during the guilt/innocence phase. *See* Nelson v. State, 765 S.W.2d 401, 403 (Tex.Cr.App. 1989). In addition, when testimony is given for a limited purpose such as a suppression hearing, it may not thereafter be admitted against the defendant at trial on the issue of guilt. Brumfield v. State, 445 S.W.2d 732, 737 (Tex.Cr.App. 1969). However, none of these instances of non-admissibility apply here.

The Fifth Amendment privilege against self-incrimination, which is binding upon the states through the Fourteenth Amendment, provides in part: "[n]o person . . . shall be compelled in any criminal case to be a witness against himself. . . ." U.S. CONST. amend. V; Reese v. State, 877 S.W.2d 328, 335 (Tex.Cr.App. 1994). A concurrent right exists under the Texas Constitution. TEX. CONST. art. I, §10. It is axiomatic that the right against self-incrimination is to prohibit compulsion of testimony which may expose a person to criminal prosecution. *Reese*, 877 S.W.2d at 335.

However, a criminal defendant's right to not give evidence against himself is subject to waiver if done knowingly, voluntarily, and intelligently, and might be done by conscious

decisions of trial strategy. *See* Brown v. State, 617 S.W.2d 234, 236 (Tex.Cr.App. 1981); Taylor v. State 474 S.W.2d 207, 211 (Tex.Cr.App. 1971). When a criminal defendant voluntarily takes the stand to testify in his own defense, he waives his privilege against self-incrimination. *See Nelson*, 765 S.W.2d at 403.

Appellant cites Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999), Carroll v. State, 42 S.W.3d 129 (Tex.Cr.App. 2001), and Crosson v. State, 36 S.W.3d 642 (Tex.App.–Houston [1st Dist.] 2000, no pet.) in support of his argument that the trial court's decision to admit his prior testimony over counsel's objection violated his right against self-incrimination; however, as the State correctly points out, the cases upon which appellant relies are distinguishable from the instant case. Appellant does not cite any cases that involve the admission of testimony from a prior revocation hearing where a defendant voluntarily testified on his own behalf and we have found none.

Appellant does not contend that his testimony at the probation revocation hearing was offered for a limited purpose or was either involuntary or coerced. To the contrary, the reporter's record of the underlying proceeding demonstrates that the testimony was given by appellant while under direct examination by his own counsel. Accordingly, appellant waived his privilege against self-incrimination when he took the stand to testify in his own defense at the probation revocation hearing. Appellant's first issue is overruled.

By his second issue, appellant contends the trial court erred in refusing to submit to the jury a charge on the lesser included offense of sexual assault. To determine if a

defendant is entitled to a lesser included offense instruction, a two prong test applies: (1) the lesser included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. Lofton v. State, 45 S.W.3d 649, 651 (Tex.Cr.App. 2001). A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser included offense. *Id.* at 652. However, if a defendant either presents evidence that he committed no offense or presents no evidence, and there is no evidence otherwise showing that he is guilty only of a lesser included offense, then a charge on a lesser included offense is not required. Bignall v. State, 887 S.W.2d 21, 24 (Tex.Cr.App. 1994). The evidence must establish that if a defendant is guilty, he is guilty only of the lesser included offense. *Lofton*, 45 S.W.3d at 652.

Appellant was charged with burglary of a habitation with the commission of a sexual assault. During trial, appellant testified that when he broke into the habitation, he "went in to steal something . . . ." He also testified that the victim consented to sexual relations. By his testimony that the sexual relations were consensual, appellant effectively denied the commission of the lesser included offense, thereby precluding any possibility of a finding of the lesser included offense. Therefore he was not entitled to an instruction on the lesser included offense of sexual assault. Appellant's second issue is overruled.

7

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Publish.