NOS. 12-02-00120-CR


 12-02-00121-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KENNETH PRATER, JR.,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

 Appellant Kenneth Prater, Jr. ("Appellant") appeals his sentence of two years of
imprisonment in one forgery case and ten years of imprisonment in another forgery case. Appellant
presents one issue for review. We affirm. 


Background

 On July 27, 2000, Appellant was indicted on two counts of forgery in trial court cause
number 25472 and four counts of forgery in cause number 25473. On October 3, 2000, Appellant
pleaded guilty and was sentenced to two years of imprisonment in cause number 25472 and ten years
in cause number 25473. Those sentences were probated for five and ten years, respectively. 

 On February 8, 2002, the State of Texas filed a "Motion to Revoke Community Supervision"
in both cases, alleging that Appellant violated the terms and conditions of his probation. The trial
court heard the State's motion on March 15. At the hearing on the motion, Appellant pleaded "true"
to five of the allegations in the State's motion, but pleaded "not true" to the allegation that he failed
to satisfy the community service condition of his probation. (1) After the court heard testimony from
Appellant's probation supervisor and Appellant himself, the court found the allegations in the State's
motion true and revoked Appellant's probation. Before Appellant testified, the trial judge did not
admonish Appellant about his right not to testify against himself. At the conclusion of the hearing,
the trial judge imposed Appellant's original sentence.

 In one issue, Appellant appeals his sentences on the basis that the trial court erred when it
did not admonish Appellant of the range of punishment and his right not to testify against himself.


Admonishments at a Hearing on a Motion to Revoke Probation

Range of Punishment

 A trial court is required to admonish a defendant of the range of punishment attached to an
offense before the defendant enters a plea of guilty or nolo contendere. Tex. Code Crim. Proc. Ann.
art. 26.13(a)(1) (Vernon 1989). However, the requirements of article 26.13 do not apply in a
revocation of probation proceeding. See Harris v. State, 505 S.W.2d 576, 578 (Tex. Crim. App.
1974); Lanum v. State, 952 S.W.2d 36, 39 (Tex. App.-San Antonio 1997, no pet.). In the instant
case, Appellant was properly admonished in writing at the time he pleaded guilty. See Tex. Code
Crim. Proc. Ann art. 26.13(d). Therefore, the trial court did not err in failing to orally admonish
Appellant at the hearing before he entered a plea of true.

Fifth Amendment Right Against Self-Incrimination 

 Appellant also argues that the trial court erred in failing to advise him of his Fifth
Amendment right against self-incrimination after Appellant's attorney called him to testify on his
own behalf at the hearing. We disagree.

 The Fifth Amendment privilege against self-incrimination, which is binding upon the states
through the Fourteenth Amendment, provides that "[n]o person . . . shall be compelled in any
criminal case to be a witness against himself . . . " U.S. Const. amend. V; Reese v. State, 877
S.W.2d 328, 335 (Tex. Crim. App. 1994). A concurrent right exists under the Texas Constitution.
Tex. Const. art. I, § 10. The purpose of the right against self-incrimination is to prohibit
compulsion of testimony which may expose a person to criminal prosecution. Reese, 877 S.W.2d
at 335. This right, however, can be waived if done knowingly, voluntarily, and intelligently, and
might be done by conscious decisions of trial strategy. See Brown v. State, 617 S.W.2d 234, 236
(Tex. Crim. App.1981); Taylor v. State 474 S.W.2d 207, 211 (Tex. Crim. App. 1971). Appellant
does not contend that his testimony at the probation revocation hearing was offered for a limited
purpose or was either involuntary or coerced. To the contrary, the reporter's record of the underlying
proceeding demonstrates that Appellant's testimony was given while under direct examination by
his own counsel. When a criminal defendant voluntarily takes the stand to testify in his own defense,
he waives his privilege against self-incrimination. See Ramirez v. State, 74 S.W.3d 152, 156 (Tex.
App.-Amarillo 2002, pet. ref'd). Accordingly, Appellant waived his privilege against self-incrimination when he took the stand to testify in his own defense at the probation revocation
hearing. Appellant's sole issue is overruled.

 The trial court's judgments are affirmed.


 SAM GRIFFITH 

 Justice



Opinion delivered November 20, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.













(DO NOT PUBLISH)
1. The State alleged in its motions that Appellant failed to (1) report to the Community Supervision Officer,
(2) perform community service, (3) pay fines and court costs, (4) pay $50.00 to Anderson County Crime Stoppers,
(5) pay a $30.00 supervision fee to the Anderson County Community Supervision and Corrections Department, and
(6) pay restitution to the victims.