NO. 07-05-0025-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 9, 2005


______________________________



ALFREDO GARCIA CHAVEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;



NO. 2274; HON. KELLY G. MOORE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Alfredo Garcia Chavez (appellant) appeals his conviction for possession of a
controlled substance, cocaine. Via two issues, appellant contends that the trial court erred
by denying his motion to suppress because 1) the initial detention lasted longer than was
reasonable and 2) his consent to search was involuntary. We affirm the judgment.

Background


 Appellant was stopped by Trooper Smith for speeding and asked to present his
driver's license and proof of insurance. Because appellant lacked proof of current
insurance, the trooper advised him that he was being cited for speeding and for failing to
provide proof of insurance. The trooper also asked appellant to step out of the vehicle. 
With Smith was Trooper Brad Taylor (Taylor), and while Smith wrote out the citations Taylor
called dispatch to determine if appellant was wanted under any outstanding warrants. 
Before receiving any response about the existence of outstanding warrants, the officers
asked for and secured consent from appellant to search his person and automobile. While
searching his person they discovered the cocaine in his pocket.

 Appellant filed a motion to suppress which was denied by the trial court. 
Subsequently, appellant pled guilty and received a five-year prison sentence. Appellant,
now, attacks the decision to deny his motion to suppress.

Law


 Whether the trial court erred in denying a motion to suppress depends upon whether
it abused its discretion. Rogers v. State, 113 S.W.3d 452, 456 (Tex. App.-San Antonio
2003, no pet.). Whether it abused its discretion depends upon whether, given the record
before it and the applicable law, the decision fell outside the zone of reasonable
disagreement. Benitez v. State, 5 S.W.3d 915, 918 (Tex. App.-Amarillo 1999, pet. ref'd).
Next, while questions of law are subject to unfettered de novo review, the same is not
necessarily true with regard to mixed questions of law and fact. That is, the application of
law to fact is a mixed question of law and fact. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). Furthermore, when the resolution of the ultimate question turns on an
evaluation of the credibility and demeanor of the witnesses, then we afford almost total
deference to the manner in which the trial court applied the law to the facts before it. The
same deference is afforded the trial court's determination of the historical facts involved. 
Id. In all other situations, we review, de novo, the manner in which the law is applied. Id. 
 

 Next, authority holds that as part of a traffic stop, an officer may 1) require the
detainee to identify himself and produce a valid driver's license and proof of insurance and
2) detain the individual for a period of time reasonably sufficient to check for outstanding
warrants. Kothe v. State, 152 S.W.3d 54, 63-64 (Tex. Crim. App. 2004); Strauss v. State,
121 S.W.3d 486, 491 (Tex. App.-Amarillo 2003, pet. ref'd). So too may he ask the driver
if he possesses illegal contraband and solicit voluntary consent to search the vehicle once
the purpose of a traffic stop has been effectuated. Strauss v. State, 121 S.W.3d at 491;
James v. State, 102 S.W. 3d 162, 172-73 (Tex. App.-Fort Worth 2003, pet. ref'd). 
Requesting such consent is not an unlawful seizure, and neither probable cause nor
reasonable suspicion is required for the officer to ask. James v. State, 102 S.W.3d at 173. 
Nor must the officer tell the individual that he is free to leave after the purpose of the stop
is completed. Vargas v. State, 18 S.W.3d 247, 252 n.1 (Tex. App.-Waco 2000, pet. ref'd). 

Application of Law


 In his two issues, appellant contends that the "search . . . caused the detention to
last longer than was necessary to effectuate the purpose of the initial stop," and because
the detention was illegal, his consent was involuntary. We overrule both.

 Regarding the request for consent to search, the record contains evidence
illustrating that the troopers asked for it before or at the same time they received from the
dispatcher the information regarding the existence of outstanding warrants. Moreover, the
troopers were entitled to detain appellant until they received that information. Thus, we
view the situation as falling within the scope of James and Strauss and conclude that the
trial judge was free to hold that the troopers did not improperly detain appellant. 

 As to the allegation that appellant's consent was involuntary, it is premised on the
belief that his detention was impermissible. Having found that the trial court had
reasonable basis to conclude that the detention was permissible, the foundation of
appellant's argument is non-existent. 

 In sum, the trial court did not abuse its discretion in overruling the motion to
suppress. Consequently, we affirm the judgment. 


 Brian Quinn 

 Chief Justice

 

Do not publish. 

 

 



 573 (1979). In our review, we must evaluate all of
the evidence in the record, both direct and circumstantial, whether admissible or
inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 ( Tex.Cr.App. 1999), cert denied, 529
U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 44 U.S. at 
319. 

 In reviewing the factual sufficiency, we examine all of the evidence neutrally and ask
whether proof of guilt is so obviously weak or greatly outweighed by contrary proof as to
indicate that a manifest injustice has occurred. See King v. State, 29 S.W.3d 556, 563
(Tex.Cr.App. 2000). We must, however, remain cognizant of the factfinder's role and
unique position-one the reviewing court is unable to occupy. See Johnson v. State, 23
S.W.3d 1, 9 (Tex.Cr.App. 2000). The jury determines the credibility of the witnesses and
may believe all, some, or none of the testimony. Chambers v. State, 805 S.W.2d 459, 461
(Tex.Cr.App. 1991). It is the jury that accepts or rejects reasonably equal competing
theories of a case. Goodman v. State, 66 S.W.3d 283, 287 (Tex.Cr.App. 2001). Finally,
a proper factual sufficiency review must include a discussion of the most important and
relevant evidence that supports the appellant's complaint on appeal. Sims v. State, 99
S.W.3d 600, 603 (Tex.Cr.App. 2003). 

 In support of the sufficiency challenges, appellant relies upon the victim's continued
recantation of the sexual abuse allegations at trial and the testimony of his mother. At trial,
the victim asserted that, on the night before the offense, she had slept in her brother's
room with him and her grandmother, appellant's mother, because her puppy had "made
a mess" in her room. The grandmother's testimony corroborated that story. It follows,
appellant claims, that because the victim was not alone in the room, he could not have
committed the assault without disturbing either the victim's grandmother or brother. 
Appellant's assertion, however, fails to appreciate the jury's authority to reconcile equally
competing theories of the case. Goodman, 66 S.W.3d at 287. Indeed, the jury was
entitled to disbelieve the victim's trial testimony denying the abuse and to credit, instead
that of Amanda, Susan, and Gorday regarding the allegations of abuse she made to them
shortly after the offense. Likewise, it was within the province of the jury to discount the
grandmother's testimony, especially in light of her potential bias as appellant's mother. 
See Chambers, 805 S.W.2d at 461. 

 Appellant also suggests that the only evidence adduced at trial establishing that he
caused the victim's anus to contact his sexual organ was that presented by Susan. As
delineated above, however, Amanda and Gorday both testified that the victim told them
appellant attempted anal penetration on the morning of November 29, 2002. (2) In short, the
State presented ample evidence to establish each of the elements of count one beyond
a reasonable doubt. Similarly, we conclude that neither the inconsistencies in the
witnesses' testimony nor the victim's recantation rendered the proof of appellant's guilt so
obviously weak or greatly outweighed by contrary proof as to undermine confidence in the
jury's determination. See King, 29 S.W.3d at 563. Appellant's first issue is overruled.

 With his second issue, appellant complains the trial court abused its discretion in
admitting certain hearsay statements made by Amanda regarding what the victim told her
on the day of the offense about her stomach hurting. We disagree. To preserve for
appellate review error in the admission of evidence, a criminal defendant must make a
timely and reasonably specific objection. Tex. R. App. P. 33.1(a); Ramirez v. State, 74
S.W.3d 152, 154 (Tex.App.-Amarillo 2002, pet. ref'd). Furthermore, the objection at trial
must comport with the error complained of on appeal. Id. A general objection on the basis
of hearsay preserves nothing for review. Jones v. State, 843 S.W.2d 92, 98
(Tex.App.-Dallas 1992, pet. ref'd.). And, an objection made after the objectionable
testimony has been given is untimely; thus, any potential error is waived. Amuson v. State,
928 S.W.2d 601, 607 (Tex.App.-San Antonio 1996, pet. refd.). Finally, where a defendant
does not request a running objection, he is required to object each and every time the
objectionable evidence is offered. See Ethington v. State, 819 S.W.2d 854, 858
(Tex.Cr.App. 1991).

 The record reveals that trial counsel made only three objections to the challenged
testimony; however, each of them were generic, nonspecific hearsay objections. 
Furthermore, appellant failed to object to other questions by the State concerning the same
subject matter and calling for hearsay responses. Neither did appellant request a running
objection to any evidence related to what the victim told Amanda about her stomach
hurting on the day of the offense. Thus, appellant has failed to preserve error regarding
the admission of that evidence. Issue two is overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.
1. Because appellant does not contend that the error extends to his conviction under
count two, we will limit our review to the evidence regarding the offense charged in count
one. 
2. As discussed below, Amanda's hearsay statements regarding what the victim told
her on the day of the offense were admitted without objection.