NO. 07-11-0221-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 20, 2011

_____

DAMON CHARLES WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21400-B; HONORABLE JOHN BOARD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL  and HANCOCK, JJ.

Damon Charles Williams contends his conviction of unauthorized use of a motor vehicle should be overturned because the trial court erred in allowing the testimony of a probation officer who stated that appellant had pled true to the offense during another court proceeding.  We disagree and affirm the judgment.

Appellant was charged with intentionally and knowingly operating a motor-propelled vehicle, *i.e.* a Toyota automobile, without the effective consent of the owner Tommy Dameron on February 15, 2010. During trial, Greg Dement, a probation officer, was permitted to testify that he was in court on April 27, 2011, and that appellant was asked if on February 15, 2010, he had operated a Toyota automobile without the effective consent of the owner Tommy Dameron. Dement stated that appellant pled true in response to the question. The jury was not informed of Dement's occupation or of the nature of the proceeding in which appellant pled true.

Appellant contends admission of this testimony was error under Rule 403 of the Rules of Evidence. Under that rule, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. TEX. R. EVID. 403. We review the trial court's ruling for abuse of discretion. *Mozon v. State,* 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

Although appellant refers to this evidence as extraneous offense evidence, it is in fact evidence of the current offense and not some other offense. Moreover, a criminal defendant's own judicial statements offered against him are generally admissible. TEX. R. EVID. 801(e)(2)(A); *Ramirez v. State,* 74 S.W.3d 152, 155 (Tex. App.–Amarillo 2002, pet. ref'd). Nevertheless, in reviewing a Rule 403 balancing test, we look at 1) whether the evidence makes a fact of consequence more or less probable, 2) the potential of the evidence to impress a jury in some irrational but indelible way, 3) the time needed to develop the evidence, and 4) the need for the evidence to prove a fact of consequence. *Montgomery v. State,* 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991).

Appellant's own admission of his guilt in a court proceeding tends to make the fact of his guilt more probable. Moreover, the evidence was needed by the State because appellant claimed that he had consent to use the vehicle.[1] Therefore, the first and last factors weigh in favor of admitting the evidence. As to the other two factors, the testimony was short and took approximately one page of the transcript, and we do not believe the testimony impressed the jury in some "irrational" way. While it is true that Dement answered that appellant "pled true" which may have indicated that appellant was in court on some other offense, the nature of that offense is not in the record so we also do not believe the jury was impressed in some indelible way. Thus, the trial court did not abuse its discretion.

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.

---

[1]Dameron had left the keys to the vehicle with his neighbor while Dameron went to Dallas to have surgery. He told his neighbor that he could use the vehicle. Appellant was the neighbor's grandson who lived with his grandparents and who was present when the keys were turned over to his grandfather.