# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00488-CR

**Stewart Lindsay Sherrod, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT NO. CR2010-150, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stewart Lindsay Sherrod was indicted for five counts of failure to appear. *See* Tex. Penal Code § 38.10. The indictment alleged that appellant failed to appear in court at a pre-trial hearing on five criminal charges. Appellant pleaded not guilty to the failure-to-appear charges. During a jury trial, the trial court directed a verdict of not guilty on counts two through five, and the jury then returned a guilty verdict on count one. Appellant pleaded true to five enhancement allegations, and the trial court assessed punishment at thirty-eight years' imprisonment to run concurrently with a thirty-five-year sentence appellant received for a previous conviction. *See id*. §§ 12.34, 38.10. On appeal, appellant raises one issue, alleging that the trial court's admission of an excerpt of his testimony from the punishment hearing of a prior trial violated his Fifth Amendment privilege against self-incrimination. We will affirm the trial court's judgment of conviction.

## BACKGROUND

The record shows that appellant was initially arrested for forgery and was released from custody on a personal-recognizance bond. Approximately two months later, the State indicted him for four counts of forgery and one count of engaging in organized criminal activity. The district court set a pre-trial hearing in the case for April 1, 2010, and sent notice of the hearing to appellant's attorney. Appellant's attorney appeared in court on that date, but appellant did not. When the trial court called the case for hearing, appellant's attorney asked the court to put the case on recall, saying he had not heard from appellant. He further explained to the court that he notified appellant to be there, "[a] long time ago, after the indictment," but then "lost contact with him."

When appellant still did not appear in court later that morning, the trial court forfeited his bond and issued a warrant for his arrest. The State then indicted him for five counts of failure to appear. More than a year later, police officers located appellant and attempted to pull him over as he was driving his car. One of the officers present at the scene testified that appellant did not stop his car but rather continued driving, using erratic maneuvers and violating traffic laws. The officer testified that after about ten minutes, appellant pulled into a driveway, fled on foot, and was taken into custody a short time later.

Appellant did not testify at his trial on the five counts of failure to appear, but the trial court admitted a transcript of an excerpt of appellant's testimony from the punishment phase of a previous trial, in which the following exchange occurred:

| | |
|---|---|
| Appellant's attorney: | Would you state your name, sir. |
| Appellant: | Stewart Lindsay Sherrod. |

| | |
|---|---|
| Appellant's attorney: | Stewart, you're the defendant in this case; is that right? |
| Appellant: | Yes, sir. |
| Appellant's attorney: | So on April 1st, 2010, you didn't show up? |
| Appellant: | No, sir. |
| Appellant's attorney: | So you committed a felony? |
| Appellant: | Yes, sir. I have a reason why I didn't show up, but I did not show up. You're right. |
| Appellant's attorney: | So why weren't you here? |
| Appellant: | [My attorney] never notified me by mail or by phone. I was told to call every first Friday of the month to see if the grand jury had indicted me. I was at my sister's house and we called every first—every first Friday. When I called in April, I couldn't get a hold of anyone, so I called [my attorney] like April the 13th—the middle of April and he asked me if I was in jail. And I said, no, sir. He said, well, you missed a court date. |
| Appellant's attorney: | So I'm sure after—when was it that you found that out? |
| Appellant: | When I talked to [my attorney] about the middle of April. |
| Appellant's attorney: | So a couple of weeks— |
| Appellant: | Yes, sir. |
| Appellant's attorney: | —at the most? So I'm sure as soon as you found out that you missed a court date and there was a problem, you came right up here to straighten that out, didn't you? |
| Appellant: | No, sir. |

| | |
|---|---|
| Appellant's attorney: | Why not? |
| Appellant: | [My attorney] pretty much told me that I was already in trouble and to keep my head down. And when he—when I was caught, that he would take care of that charge. |
| Appellant's attorney: | So you just decided to hide out? |
| Appellant: | I decided to do the wrong thing. |

After the State rested its case at trial, appellant moved for a directed verdict on all counts, and the trial court granted the motion on counts two through five due to issues with the documentation providing notice of the pre-trial hearing to appellant. The jury then convicted appellant of the remaining count of failure to appear. At the punishment hearing, appellant pleaded true to five enhancement allegations. The trial court then sentenced him to thirty-eight years' imprisonment to run concurrently with a thirty-five-year sentence previously assessed for a prior conviction. This appeal followed.

## DISCUSSION

In one issue, appellant contends that the trial court erred in admitting the transcript of the excerpt of his testimony from the punishment phase of his previous trial. Appellant asserts that the admission of the transcript violated his Fifth Amendment privilege against self-incrimination. The Fifth Amendment to the United States Constitution provides that no person shall be compelled in any criminal case to be a witness against himself. *See Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008); *Herrera v. State*, 241 S.W.3d 520, 525 (Tex. Crim. App. 2007) (citing U.S. Const. amend. V). A defendant waives his privilege against

self-incrimination if he chooses to take the stand and make incriminating statements. *See Johnson v. State*, 357 S.W.3d 653, 658 (Tex. Crim. App. 2012); *Brumfield v. State*, 445 S.W.2d 732, 735 (Tex. Crim. App. 1969).

We review a trial court's ruling on the admission of evidence under an abuse-of-discretion standard. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). A trial court abuses its discretion only when its decision is so clearly wrong that it lies outside the zone of reasonable disagreement or is arbitrary or unreasonable. *See State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005); *Howell v. State*, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005). We will uphold a trial court's decision to admit evidence when it is reasonably supported by the record and correct under any theory of law applicable to the case. *See Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

One of our sister courts has addressed the same argument appellant raises in this case and the same set of facts—the admission of a defendant's testimony from a punishment hearing at his previous trial—and held that the admission of the testimony did not violate the defendant's Fifth Amendment privilege against self-incrimination. *See Lacey v. State*, Nos. 05-11-00755-CR, 05-11-00756-CR, 2013 WL 3353322, at *1–3 (Tex. App.—Dallas June 28, 2013, no pet.) (mem. op., not designated for publication). In reaching its holding, the *Lacey* court concluded that the admission of the defendant's testimony at a later trial on a separate offense did not violate his Fifth Amendment privilege against self-incrimination because the defendant waived the privilege when he voluntarily took the stand and testified in the prior trial. *Id.* at *2. Another one of our sister courts reached the same result in a similar situation in which a trial court admitted a defendant's

testimony from a probation-revocation hearing at a later trial on a separate offense. *See Ramirez v. State*, 74 S.W.3d 152, 154 (Tex. App.—Amarillo 2002, pet. ref'd). The *Ramirez* court concluded that the trial court did not err in admitting the defendant's testimony because "[the defendant] waived his privilege against self-incrimination when he took the stand to testify in his own defense at the probation revocation hearing." *Id*. at 156. We agree with the *Lacey* and *Ramirez* courts and conclude that appellant waived his privilege against self-incrimination when he took the stand in his defense in a previous trial.

The cases cited by appellant in support of his argument—*Beathard v. State*, 767 S.W.2d 423 (Tex. Crim. App. 1989) and *Brumfield*, 445 S.W.2d at 732—are distinguishable from this case. *Brumfield* holds that a defendant who testifies in the guilt-innocence phase of his trial cannot be compelled by the State to testify again at the punishment phase of the same trial. 445 S.W.2d at 734, 741–42. Similarly, *Beathard* holds that a defendant who testifies at the guilt-innocence phase of trial but chooses not to testify at the punishment phase is entitled to a no-adverse-inference instruction at punishment. 767 S.W.2d at 431–32. Thus, both cases consider only whether a defendant waives his privilege against self-incrimination at the punishment phase if he testifies at the guilt-innocence phase; neither case comments on whether a transcript of a defendant's previous testimony is admissible in a later trial. As the *Brumfield* court points out, compelling a defendant to testify at the punishment phase would require him to testify a second time for all purposes, subjecting him to further cross-examination that includes questions about his criminal record, his character and reputation, and all other relevant issues. 445 S.W.2d at 741. In contrast, the admission of a transcript of a defendant's previous testimony is limited only to the

6

testimony itself, which was the result of the defendant's waiver of his privilege against self-incrimination and which does not expose the defendant to additional questioning.

Further, a defendant's prior statements are not hearsay. *See* Tex. R. Evid. 801(e)(2)(A) (party's own statement offered against him is not hearsay); *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999) (criminal defendant's own statements, when being offered against him, are not hearsay); *Jackson v. State*, No. 05-13-00004-CR, 2014 WL 2611106, at *3–4 (Tex. App.—Dallas June 11, 2014, no pet.) (mem. op., not designated for publication) (defendant's testimony from co-defendant's trial was not hearsay when used in defendant's later trial); *Ramirez*, 74 S.W.3d at 155 ("[T]he statements offered at trial against appellant were taken from his own sworn testimony given at a prior proceeding and were therefore a hearsay exclusion."). A party's own statements are admissible on the theory that the party is estopped from challenging the fundamental reliability or trustworthiness of his own statements. *Trevino*, 991 S.W.2d at 853.

Because appellant's prior testimony was admissible at trial and did not violate his Fifth Amendment privilege against self-incrimination, the trial court did not abuse its discretion in admitting the testimony. *See Lacey*, 2013 WL 3353322, at *2–3; *Ramirez*, 74 S.W.3d at 154–56. Accordingly, we overrule appellant's sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment of conviction.

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   June 22, 2016

Do Not Publish